UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24588-CV-MORENO
MAGISTRATE JUDGE P.A. WHITE

JOSE APONTE,                    :

    Petitioner,            :

v.                              :          <u>REPORT OF</u>
                                           <u>MAGISTRATE JUDGE</u>
JULIE L. JONES,                 :

    Respondent.            :

_____

## I. Introduction

Jose Aponte, who is presently confined at Graceville Correctional Institution in Graceville, Florida, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction in case number F97-40792 from the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus and the Respondent's response to an order to show cause with an appendix of exhibits.

## II. Procedural History

The petitioner was charged with first degree premeditated murder. (DE# 10-2, p. 173). He was tried and convicted of the sole charge and sentenced to life imprisonment. (DE# 10-2, p. 327-332).

On appeal the petitioner raised two issues. (DE# 10-3, p. 5-37). He first argued that the prosecutor's closing arguments deprived him of a fair trial. He then argued that the trial court erred by allowing the state to call the victim's sister to make the identification of the deceased. On July 27, 2005, the appellate court affirmed the petitioner's conviction and sentence in a per curiam opinion. (DE# 10-3, p. 67).

On August 2, 2006, the petitioner filed a motion for post conviction relief in the state trial court. (DE#10-4, p. 2-82). He filed an amended motion on August 10, 2011. (DE# 10-4, p. 84-138). In the two motions he raised multiple claims of ineffective assistance of counsel. Of particular relevance to the instant petition he argued that counsel was ineffective for:

1. Failing to argue that the state failed to present evidence the petitioner acted with premeditation.

2. Failing to object and bring to the court's attention that the police officers presented perjured testimony or request a jury instruction on perjury.

3. Failing to investigate and present testimony from officer Duke to challenge the finding of probable cause to arrest the petitioner.

4. Failing to object to the introduction of certain alleged hearsay and "Williams" rule evidence of a prior traffic stop from which the officers knew the petitioner.

The state court did not conduct an evidentiary hearing and denied motions on the merits. (DE# 10-4, p. 147-150). The denial was affirmed on appeal, with mandate issuing on October 27, 2015. (DE# 10-5, p. 56-58).[1]

---

[1]During the time that the motion for post conviction relief was pending, the petitioner filed additional motions and petitions in both the trial and appellate courts.

On July 10, 2007, the petitioner filed a petition for writ of habeas corpus in the state appellate court alleging ineffective assistance of appellate counsel. (DE# 10-6, p. 4). The petition was denied on August 16, 2007. (DE# 10-6, p. 6). The petitioner's notice of appeal was treated as a motion for rehearing which was denied on October 17, 2007. (DE# 10-6, p. 59). The petitioner filed an amended petition which was stricken as unauthorized on January 18, 2008. (DE# 10-6, p. 50).

On November 15, 2007, the petitioner filed a petition seeking to file a belated appeal. (DE# 10-6, p. 66-68). The petition was denied on August 25, 2008. (DE# 10-6, p. 83). The court denied the petitioner's motion for rehearing on October 13, 2008. (DE# 10-6, p. 94). He appealed the denial, however on December 1, 2008, the Florida Supreme Court dismissed the appeal for lack of jurisdiction. (DE# 10-6, p. 114).

The petitioner filed the instant petition on December 10, 2015.[2] Although the petitioner labels his petition as having four claims, in actuality he raises the following five claims of

---

The petitioner sought mandamus relief in the appellate court in order to compel a ruling on the motion for post conviction relief on February 21, 2008. (DE# 10-6, p. 98-101). That petition was denied on April 29, 2008. (DE# 10-6, p. 96) The petitioner then filed a Motion to Rule in the trial court on October 25, 2007. (DE# 10-6, p. 126-127). He also filed a petition for habeas corpus in the trial court alleging that the speedy trial time had run prior to his trial. (DE# 10-6, p. 119-125). Both the motion and the petition were denied on April 13, 2009. (DE# 10-6, p. 129-130). The appellate court affirmed the denial on April 7, 2010. (DE# 10-6, p. 132). The petitioner's motion for rehearing was denied on May 4, 2010. (DE# 10-6, p. 139).

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). However the petitioner did not date this petition, the correctional center stamped the petition as having been provided for mailing on December 10, 2015..

3

ineffective assistance of counsel:

    1.    Counsel failed to properly argue in his motion for judgment of acquittal that there was insufficient evidence to establish that the killing was premeditated.

    2.    Counsel failed to call Officer R. Duke whose testimony would have supported a motion to dismiss the arrest warrant for lack of probable cause.

    3.    Counsel failed to object to the introduction of hearsay and "Williams" rule evidence.

    4.    Counsel failed to identify and object to allegedly perjured testimony.

    5.    Counsel failed to object to the first degree murder jury instruction that allegedly misstated the essential element of premeditation.

## III. Statute of Limitations and Exhaustion

The state properly concedes that the petition was filed timely and that all but one of the claims have been exhausted in state court. The state contends that the petitioner's claim that counsel was ineffective for failing to contest the jury instruction on premeditation was not raised in state court. Because it is necessary to consider the merits of this claim to determine if it is barred as unexhausted, it will be discussed *infra*.

## IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28

U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

The petitioner raises several claims of ineffective assistance of counsel. The United States Supreme Court clearly established the

law governing claims of ineffective assistance of counsel in
Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires
a criminal defendant to show that: (1) counsel's performance was
deficient and (2) the deficiency prejudiced him. Id. at 690. As to
the first prong, deficient performance means performance outside
the wide range of professionally competent assistance. Id. The
judiciary's scrutiny of counsel's performance is highly
deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by
showing that, but for counsel's deficient performance, there be a
reasonable probability the outcome of the proceedings would have
been different. Id. at 694. A reasonable probability is a
probability sufficient to undermine confidence in the outcome of
the proceedings. Id. In the context of a guilty plea, the second
prong of the Strickland test requires a showing that but for
counsel's errors, the movant would not have pleaded guilty and
would have insisted upon going to trial. Hill v. Lockhart, 474 U.S.
52 (1985).

A defendant must satisfy both the deficiency and prejudice
prongs set forth in Strickland to obtain relief on an ineffective
assistance of counsel claim. Failure to establish either prong is
fatal and makes it unnecessary to consider the other. Strickland,
466 U.S. at 697.

Combining AEDPA's habeas standard and Strickland's two-pronged
test provides the relevant inquiry in this case. To obtain habeas
relief, a petitioner must show the state court "applied Strickland
to the facts of his case in an objectively unreasonable manner"
when it rejected his claims of ineffective assistance of counsel.
Bell v. Cone, 535 U.S. 685, 699 (2002).

<u>V. Discussion</u>

The petitioner has raised several claims of ineffective assistance of counsel. The nature of the claims requires a brief summary of the evidence presented at trial.

<u>Facts</u>

On the evening of December 23, 1997 Jesus Padilla was shot and killed. The petitioner was identified as the shooter by three people, Ernest Cimadevilla, Officer Elie Oliva and Officer Antonio Llaneras. Each testified at trial.

Cimadevilla testified that Padilla had stolen stereo equipment from the petitioner's car a few days prior to the shooting. Cimadevilla told the petitioner about the theft. On the afternoon of the 23rd, the petitioner, along with Cimadevilla and Luis Blassini, encountered Padilla in the parking lot of a supermarket. Padilla approached the car asking if the petitioner was looking for him. The petitioner drove away and dropped Cimadevilla at home. A few hours later the petitioner returned to pick up Cimadevilla. They went back to the area where they had previously encountered Padilla.

At the shopping center they again encountered Padilla who approached the car. When Padilla got within a few feet of the car, the petitioner started shooting at him. Although Cimadevilla could not see if Padilla was struck, he noticed that Padilla was holding his arm as he tried to flee. At this point the petitioner's car stalled, he told Blassini "Start the car, he ain't dead yet." The petitioner got out of the car and continued shooting. Cimadevilla estimated he heard five to eight shots. He then heard gun shots coming from a different direction and saw the police. The petitioner got back in the car and said he had been shot by the

police. The petitioner fled the scene, driving down an alley behind the shopping center. The car again stalled and everyone got out. Cimadevilla and Blassini jumped over a wall into a park where they were detained by police.

Officer Oliva was meeting with Officer Llaneros at a McDonald's next to the shopping center when they heard what they thought was a car backfiring. Oliva then saw the petitioner shooting at Padilla. Llaneros who was standing nearby also witnessed the shooting. Both officers drew their guns, Oliva yelled "Police!" The petitioner, still holding his gun, turned toward the officers. The officers fired several shots. Oliva saw the petitioner flinch as if he had been shot. The petitioner then got in his car and drove down an alley.

Officer Leonardo Gonzalez found the petitioner's car behind the shopping center. There was blood on the floor on the driver's side. Gonzalez located the petitioner hiding beneath a nearby dumpster. As he approached, the petitioner said he had thrown the gun in the alley. Gonzalez, with assistance from Llaneros and Oliva, detained the petitioner. The petitioner had a gun shot wound to his leg.

Other officers commenced a search for the gun. Almost immediately two guns were found in the alley. One of the guns was identified by Oliva as the gun that the petitioner had used to shoot Padilla. Blood on the gun was tested for DNA. The DNA matched the petitioner.

Failure to Argue Lack of Evidence of Premeditation

In his first claim the petitioner contends that counsel was ineffective for failing to argue that there was insufficient

evidence to support the element of premeditation. He argues that the evidence failed to establish premeditation and that if counsel had properly argued the issue, the motion for judgment of acquittal it would have been granted.

This claim was raised in the petitioner's motion for post conviction relief in state court. The court denied the claim finding that it was conclusively refuted by the record. The court noted that counsel had presented cogent arguments that there was no evidence of premeditation. The denial was affirmed on appeal.

Independent review of the transcripts of the petitioner's trial confirms that this claim is refuted by the record. Contrary to petitioner's argument, trial counsel did argue that the state had failed to establish premeditation. He argued that the shooting could have been done in the heat of the moment when the victim approached the petitioner and the two exchanged words. Thus, the claim that counsel failed to present an argument that the evidence was insufficient to establish premeditation is refuted by the record. The state court's finding in this respect was reasonable. The claim should be denied.

Even assuming that counsel had failed to argue there was insufficient evidence to establish premeditation, the claim would be denied. The state presented the testimony of Cimadevilla, he testified that the petitioner was aware that the victim had stolen stereo equipment from his car. He also testified that the petitioner had encountered the victim earlier in the day at the same shopping center where the killing occurred. The petitioner returned to that area several hours later and immediately shot the victim as he approached the car. Perhaps the most critical evidence of the petitioner's premeditated intent to kill the victim was his

statement, "He ain't dead yet," as he exited the car in pursuit of the victim. He continued shooting at the victim after this statement.

In Florida "[p]remeditation may be established by circumstantial evidence, including the nature of the weapon used, the presence or absence of adequate provocation, previous difficulties between the parties, the manner in which the homicide was committed, and the nature and manner of the wounds inflicted." Spencer v. State, 645 So. 2d 377, 381 (Fla. 1994) In the instant case the testimony of Cimadevilla presented sufficient evidence of premeditation as defined by the Florida Supreme Court in Spencer. As any argument by counsel that the evidence was insufficient would have been unavailing.

Failure to Call Officer Duke to Rebut Probable Cause

The petitioner contends that counsel was ineffective for failing to depose and call Officer R. Duke as a witness. He contends that Officer Duke's testimony would have supported a motion to dismiss the probable cause affidavit. The petitioner provides no further elucidation on this claim.

This claim was raised as a part of the petitioner's state court claim concerning the cumulative effect of counsel's alleged ineffectiveness. The claim was denied when the state court found there was no individual meritorious claim of ineffective assistance thus there could be no cumulative effect.

The petitioner's claim does not warrant relief. Florida law provides that "[p]robable cause to arrest or search exists when the totality of the facts and circumstances within an officer's knowledge sufficiently warrant a reasonable person to believe that,

more likely than not a crime has been committed." <u>Bethel v. State</u>, 93 So.3d 410, 413 (Fla. 4th DCA 2012) (quoting <u>State v. Blaylock</u>, 76 So.3d 13, 14 (Fla. 4th DCA 2011)). As noted in the facts above, two police officers were eyewitnesses to the shooting. This information was relayed to Officer Gonzalez who first encountered the petitioner after the shooting. The petitioner's arrest was effectuated by Gonzalez and the two officers who witnessed the shooting. Under these circumstances the information known by two of the arresting officers was more than sufficient for them to believe that the petitioner was the person who killed Padilla. Any attempt to argue that the police lacked probable cause to arrest the petitioner would have been lacking in any merit. Counsel was not ineffective for not calling Officer Duke. This claim should be denied.

<u>Failure to Object to Williams Rule Evidence and Hearsay</u>

The petitioner contends that counsel was ineffective for failing to object to hearsay evidence and evidence of other crimes. He contends that if counsel had objected the evidence would have been precluded and the outcome of the trial would have been different. As with his claim regarding Counsel's investigation of Officer Duke, the petitioner provides no further elucidation on this claim. In his state proceedings he argued that the testimony of Cimadevilla regarding his statements in the car during and after the shooting should have been excluded as hearsay. He argued that the evidence regarding a prior traffic stop should have been excluded as evidence of prior crimes.

This claim was raised in state court in the petitioner's motion for post conviction relief. This claim was raised as a part of the petitioner's state court claim concerning the cumulative effect of counsel's alleged ineffectiveness. The claim was denied

when the state court found there was no individual meritorious claim of ineffective assistance thus there could be no cumulative effect.

In state court the petitioner argued that counsel should have objected to the introduction of evidence that the two officers who witnessed the shooting had previously encountered the petitioner during a traffic stop approximately one week prior to the shooting. The petitioner's claim that counsel failed to object to the introduction of his prior encounter with the officers is refuted by the record. Prior to trial the state advised that it intended to elicit testimony from the two officers that they recognized the petitioner in part based on a prior encounter. The two officers had been involved in a traffic stop of the petitioner approximately one week before the shooting. The state did not intend to present the specifics of the traffic stop, merely that the two officers recognized the shooter as the same person they had previously encountered. Counsel objected, arguing the testimony was improper <u>Williams</u> rule[3] evidence that was unrelated to the crime charged. The court overruled the objection, finding that the evidence was relevant to the issue of identification and would be admitted. The court found that the evidence was inextricably intertwined and was not being admitted to show bad character or propensity to commit a crime. Counsel renewed this objection when the officer testified at trial. Since the record refutes this claim, the state court properly denied it. This claim does not merit relief in this

---

[3]Williams rule evidence is evidence of collateral crimes or acts that are factually similar to the charged offense. <u>See</u> <u>Williams v. State,</u> 110 So.2d 654 (Fla. 1959). Section 90.404(2)(a), Fla. Stat. provides:
> Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

federal habeas proceeding.

The petitioner next claims that counsel should have objected on hearsay grounds when Cimadevilla recounted the petitioner's own statements during the shooting. Cimadevilla testified that during the shooting the car stalled. After the car stalled, the petitioner said, "Start the car back up; he ain't dead yet." (DE# 11-9, p. 26-27). Then after returning to the car following the shooting, the petitioner said that somebody shot me or the cop shot me. (DE# 11-9, p. 31). He claims that this testimony was hearsay and should not have been admitted. This claim was raised in the state motion for post conviction relief and denied.

Both of the statements recounted by Cimadevilla fall within an exception to the hearsay rule under Florida law. The statements qualified for admission under section 90.803(18)(a), Florida Statutes which provides that a party's own statements are admissible. The petitioner's statement that he had been shot would also be admissible as an "excited utterance," a "spontaneous statement" and a statement of "then-existing mental, emotional or physical condition" under section 90.803(1) and (2), which provide additional exceptions to the hearsay rule. Since the statements were not inadmissible under the hearsay rule, counsel was not ineffective for failing to object. See Thomas v. Jones, 891 F.2d 1500 (11th Cir. 1990). This claim should be denied.

Failure to Identify and Object to Allegedly Perjured Testimony

The petitioner next contends that counsel was ineffective for failing to identify and object to testimony which the petitioner claims was perjured. The petitioner seems to argue, as he did in state court, that the testimony of Cimadevilla and the two officers who identified him was false. He bases this claim on his view of

the evidence and the prior statements of these witnesses.

This claim was raised in the motion for post conviction relief. The state court denied the claim finding that the petitioner had not established that any of the witnesses committed perjury.

The movant is essentially arguing that counsel should have raised a Giglio[4] claim. "In order to prevail on a Giglio claim, a petitioner must establish that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." Tompkins v. Moore, 193 F.3d 1327, 1339 (11th Cir.1999).

This claim was properly denied by the trial court because counsel was not ineffective for failing to argue that the witnesses had perjured themselves where there was no evidence to support such a claim. The petitioner has argued that these witnesses committed perjury because their trial testimony was to some extent inconsistent with either pretrial sworn statements or depositions. However, during cross examination, counsel questioned the witnesses about these prior inconsistent statements and allowing the jury to evaluate the credibility of the witnesses. Furthermore, counsel presented extensive argument in closing regarding the inconsistencies he had explored during cross examination. Despite counsel's best efforts to impeach the testimony of the state's witness the jury ultimately found them credible.

It is also noted that the inconsistencies in the statements are minor and do not support the petitioner's argument that the

---

[4] Giglio v. United States, 405 U.S. 150 (1972).

14

witnesses committed perjury. The trial court's factual finding on this point is amply supported in the record and is entitled to deference in this proceeding. Since the state court's ruling was based on reasonable factual findings and it properly applied the Strickland standard of review, this claim should be denied.

Failure to Object to Premeditation Instruction

The petitioner final claim is that counsel did not object to the premeditation portion of the first degree murder instruction. He contends that the instruction was insufficient because it failed to track the statutory language regarding premeditation. The petitioner acknowledges that this claim was not raised in state court. He relies upon Martinez v. Ryan, - U.S. -, 132 S.Ct. 1309 (2012), in contending that the claim is not procedurally barred because he did not have the assistance of counsel in preparing his motion for post conviction relief.

In Martinez the Court held that where state claims of ineffective assistance of counsel must be raised in an initial post conviction proceeding, a procedural default will not bar presentation of substantial claim of ineffective assistance of counsel if the petitioner did not have counsel in the initial post conviction proceeding. Martinez at 1320. Thus, in order to avoid the procedural bar for failing to exhaust this claim, it must be "substantial," meaning it must have some merit.

The petitioner's claim that counsel failed to object to the instruction on premeditation is not substantial. On the element of premeditation the jury was instructed:

> Killing with premeditation is killing after consciously
> deciding to do so. The decision must be present in the
> mind at the time of the killing. The law does not fix the
> exact period of time that must pass between the formation
> of the premeditated intent to kill and the killing. The

15

> period of time must be long enough to allow reflection by
> the defendant.
>
> The premeditated intent to kill must be formed before the
> killing. The question of premeditation is a question of
> fact to be determined by you from the evidence. It will
> be sufficient proof of premeditation if the circumstances
> of the killing and the conduct of the accused convince
> you beyond a reasonable doubt of the existence of
> premeditation at the time of the killing.

(DE# 11-17, p. 113). This instruction on premeditation was taken directly from the Florida Standard Jury Instructions. See FL ST CR JURY INST 7.2. The instruction tracks the language of Section 782.04(1), Florida Statutes and conforms with Florida Supreme Court precedent concerning the issue of premeditation. Any objection to the instruction would have been overruled. This claim should be therefore be dismissed as unexhausted and procedurally barred.


## VI. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that

reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied, that no Certificate of Appealability issue and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 2nd day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jose Aponte, pro se
     DOC# 1301404
     Graceville Correctional Facility
     Inmate Mail/Parcels
     5168 Ezell Road
     Graceville, FL 32440

     Michael W. Mervine , AAG
     Office of the Attorney General
     444 Brickell Ave., Suite 650
     Miami, FL 33131